UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN    DIVISION at    CINCINNATI

In re    NANCY ELLEN BREWER    )    Case No.    19-13847
)
)    Chapter 13
)    Judge    Beth A. Buchanan
Debtor(s)

## CHAPTER 13 PLAN

**1. NOTICES**

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☒ **Initial Plan**

☐ **Amended Plan**  The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.
☒ **This Plan contains nonstandard provisions in Paragraph 13.**
☐ **The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
☒ **The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1 and/or, 5.4.2 and 5.4.3.**

**NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.**  The Debtor shall pay to the Trustee the amount of $    1,665    per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** _____

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of ___1___ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

**2.3 Means Test Determination**

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|
| | | $ | |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1  Non-Governmental Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and 5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2  Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3  Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General Order 22-2.

4.4  Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or (c) completion of the Plan --at which time the lien will terminate and be released by the creditor

## 5. PAYMENTS TO CREDITORS

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| Caliber Home Loans | 1144 San Angelo Drive Hamilton, OH 45013 | Y | $1,020 | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | $ | |

**5.1.2 Modified Mortgages or Liens Secured by Real Property ["Cramdown/Real Property"]**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment | |
|---|---|---|---|---|---|
| (Creditor)  ☐ Motion  ☐ Plan  ☐ Claim Objection | | $ | % | $ | |

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| | | | $ | % | $ | |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| (Creditor)  ☐ Motion  ☐ Plan  ☐ Claim Objection | | | $ | % | $ | |

### 5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|
| | | $ | |

### 5.1.6 Executory Contracts and Unexpired Leases

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description | |
|---|---|---|
| Anytime Fitness | Fitness Club Membership | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date | |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date | |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|
| Gregory M. Wetherall, Esq. | $3,700 | $3,700 | $545.00 | |

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim | |
|---|---|---|
| | $ | |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage | |
|---|---|---|---|
| | | $ | |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|   | Name of Creditor / Procedure | Property Address |   |
|---|---|---|---|
| 1 | The Huntington National Bank as Trustee for Franklin Mortgage Asset Trust 2009-A (Second Mortgage - See Paragraph 13)<br>☐ Motion<br>☒ Plan | 1144 San Angelo Drive<br>Hamilton, OH 45013 |   |
| 2 | Ohio Department of Taxation (JD-1989-04-1150 - Butler Co. - See Paragraph 13)<br>☐ Motion<br>☒ Plan | 1144 San Angelo Drive<br>Hamilton, OH 45013 |   |
| 3 | Ohio Department of Taxation (WT-1989-04-0198 - Butler Co. - See Paragraph 13)<br>☐ Motion<br>☒ Plan | 1144 San Angelo Drive<br>Hamilton, OH 45013 |   |
| 4 | Ohio Department of Taxation (WT-1998-08-0640 - Butler Co. - See Paragraph 13)<br>☐ Motion<br>☒ Plan | 1144 San Angelo Drive<br>Hamilton, OH 45013 |   |

|   | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) |   |   | Amount of Wholly Unsecured Mortgage/Lien |   |
|---|---|---|---|---|---|---|
| 1 | $112,000 | $125,266.16 | US Bank Trust, NA as Trustee | + X C | $16,337.5 |   |
| 2 | $112,000 | $125,266.16 | US Bank Trust, NA as Trustee | + X C | $117.03 |   |
| 3 | $112,000 | $125,266.16 | US Bank Trust, NA as Trustee | + X C | $117.03 |   |
| 4 | $112,000 | $125,266.16 | US Bank Trust, NA as Trustee | + X C | $1,551.2 |   |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|   | Name of Creditor / Procedure | Property Address | Value of Property | Exemption |   |
|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | (Creditor) <br> ☐ Motion <br> ☐ Plan | | | $ <br> Debtor's Interest <br> $ | $ <br> Statutory Basis <br> § | |
| | OTHER Liens or Mortgages (Amount/Lienholder Name) | | | Judicial Lien | Amount of Judicial Lien to be Avoided | |
| 1 | $ | (Lienholder) | + <br> X C | $ <br> Recorded Date | $ <br> Effective Upon: | |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor / Procedure | Property Description | Value of Property | Exemption | Amount of Security Interest to be Avoided | |
|---|---|---|---|---|---|
| (Creditor) <br> ☐ Motion <br> ☐ Plan | | $ | $ <br> Statutory Basis <br> § | $ <br> Effective Upon: | |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property | |
|---|---|---|---|
| | ☐ Debtor <br> ☐ Trustee | | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor | |
|---|---|---|
| | | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount | |
|---|---|---|
| | $ | |

**6. SURRENDER OF PROPERTY**

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property | |
|---|---|---|
|  |  |  |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __6.5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

**9. OTHER DUTIES OF THE DEBTOR**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

#### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

### 10. INSURANCE

#### 10.1 Insurance Information

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information |
|---|---|---|---|---|
| 1144 San Angelo Drive Hamilton, OH 45103 | Central Insurance | FMH3853034 | Full | Marsh & Mclennan (513) 248-4888 |
| 2002 Toyota Camry | Liberty Mutual | AOS2882675187592 | Full | Liberty Direct (800) 658-9501 |

#### 10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

### 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

### 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

### 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| | Nonstandard Provisions | |
|---|---|---|

| | |
|---|---|
| Debtor is the owner of the residential real property located at 1144 San Angelo Drive, Hamilton, Butler County, Ohio 45013 (hereinafter the "Real Property"). The Real Property has a Current Value of $112,000.00 as set forth in Debtors' Schedule A/B. The Real Property is encumbered by a first mortgage (hereinafter the "First Mortgage") in favor of US Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust on which the Debtor owes more than the Current Value of the Real Property. The Real Property is also encumbered by a second mortgage (hereinafter the "Second Mortgage") in favor of The Huntington National Bank as Certificate Trustee for Franklin Mortgage Asset Trust 2009-A as successors to and assignees of Bank One, N.A. (hereinafter collectively the "Creditor") on which the Debtor owes approximately $16,337.50. The First Mortgage was recorded prior to and is higher in priority than the Second Mortgage. Therefore, the Second Mortgage shall be "stripped" by the Confirmation of this Plan as there is not equity for the Second Mortgage to attach. The debt owed to the Creditor, underlying the Second Mortgage, shall, therefore, be paid as a General Unsecured, Non-Priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge. Should the Creditor fail to release the Second Mortgage of record, this confirmed Plan and the Discharge shall serve as a release of the Second Mortgage filed in the Records of the Recorder of Butler County, Ohio on or about 09/24/1998 in Book 6272, Page 76. Furthermore, the Debtor shall be entitled to record a copy of this Plan and the Discharge in the Office of the Recorder of Butler County Ohio as evidence the Second Mortgage has been released by Order of the United States Bankruptcy Court for the Southern District of Ohio. | |
| Debtor is the owner of the residential real property located at 1144 San Angelo Drive, Hamilton, Butler County, Ohio 45013 (hereinafter the "Real Property"). The Real Property has a Current Value of $112,000.00 as set forth in Debtors' Schedule A/B. The Real Property is encumbered by a first mortgage (hereinafter the "First Mortgage") in favor of US Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust on which the Debtor owes more than the Current Value of the Real Property. The Real Property is also encumbered by a Tax Lien (hereinafter the "First Tax Lien") in favor of the Ohio Department of Taxation (hereinafter the "Creditor") on which the Debtor owes approximately $117.03. The First Mortgage was recorded prior to and is higher in priority than the First Tax Lien. Therefore, the First Tax Lien shall be "stripped" by the Confirmation of this Plan as there is not equity for the First Tax Lien to attach. The debt owed to the Creditor, underlying the First Tax Lien, shall, therefore, be paid as a General Unsecured, Non-Priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge. Should the Creditor fail to release the First Tax Lien of record, this confirmed Plan and the Discharge shall serve as a release of the First Tax Lien filed in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio in the case of Ohio State Department of Taxation v. Nancy E. Brewer, Case No. JD-1989-04-1150. Furthermore, the Debtor shall be entitled to file a copy of this Plan and the Discharge in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio as evidence the First Tax Lien has been released by Order of the United States Bankruptcy Court for the Southern District of Ohio. | |

| | | |
|---|---|---|
| | Debtor is the owner of the residential real property located at 1144 San Angelo Drive, Hamilton, Butler County, Ohio 45013 (hereinafter the "Real Property"). The Real Property has a Current Value of $112,000.00 as set forth in Debtors' Schedule A/B. The Real Property is encumbered by a first mortgage (hereinafter the "First Mortgage") in favor of US Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust on which the Debtor owes more than the Current Value of the Real Property. The Real Property is also encumbered by a Tax Lien (hereinafter the "Second Tax Lien") in favor of the Ohio Department of Taxation (hereinafter the "Creditor") on which the Debtor owes approximately $117.03. The First Mortgage was recorded prior to and is higher in priority than the Second Tax Lien. Therefore, the Second Tax Lien shall be "stripped" by the Confirmation of this Plan as there is not equity for the Second Tax Lien to attach. The debt owed to the Creditor, underlying the Second Tax Lien, shall, therefore, be paid as a General Unsecured, Non-Priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge. Should the Creditor fail to release the Second Tax Lien of record, this confirmed Plan and the Discharge shall serve as a release of the Second Tax Lien filed in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio in the case of Ohio State Department of Taxation v. Nancy E. Brewer, Case No. WT-1989-04-0198. Furthermore, the Debtor shall be entitled to file a copy of this Plan and the Discharge in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio as evidence the Second Tax Lien has been released by Order of the United States Bankruptcy Court for the Southern District of Ohio. | |
| | Debtor is the owner of the residential real property located at 1144 San Angelo Drive, Hamilton, Butler County, Ohio 45013 (hereinafter the "Real Property"). The Real Property has a Current Value of $112,000.00 as set forth in Debtors' Schedule A/B. The Real Property is encumbered by a first mortgage (hereinafter the "First Mortgage") in favor of US Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust on which the Debtor owes more than the Current Value of the Real Property. The Real Property is also encumbered by a Tax Lien (hereinafter the "Third Tax Lien") in favor of the Ohio Department of Taxation (hereinafter the "Creditor") on which the Debtor owes approximately $1,551.20. The First Mortgage was recorded prior to and is higher in priority than the Third Tax Lien. Therefore, the Third Tax Lien shall be "stripped" by the Confirmation of this Plan as there is not equity for the Third Tax Lien to attach. The debt owed to the Creditor, underlying the Third Tax Lien, shall, therefore, be paid as a General Unsecured, Non-Priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge. Should the Creditor fail to release the Third Tax Lien of record, this confirmed Plan and the Discharge shall serve as a release of the Third Tax Lien filed in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio in the case of State of Ohio Department of Taxation v. Nancy E. Brewer, Case No. WT-1998-08-0640. Furthermore, the Debtor shall be entitled to file a copy of this Plan and the Discharge in the Office of the Clerk of the Court of Common Pleas of Butler County, Ohio as evidence the Third Tax Lien has been released by Order of the United States Bankruptcy Court for the Southern District of Ohio. | |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 10/18/19

    **/s/** Gregory M. Wetherall

    GREGORY M. WETHERALL (OH 0067307)

    4030 Mount Carmel Tobasco Rd, Suite 12

    Cincinnati, Ohio 45255

**Ph:** (513) 528-0200

**Fx:** (513) 528-1762

    Greg@CincinnatiBankruptcy.com

| **Debtor** | **Joint Debtor** |
|---|---|
| /s/ Nancy Ellen Brewer | **/s/** (JOINT DEBTOR NAME) |
| **Date:** 10/18/19 | **Date:** |

**NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION**

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to the United States Bankruptcy Court

Atrium Two Suite 800, 221 East Fourth Street, Cincinnati OH 45202

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

Nancy Ellen Brewer, Debtor
1144 San Angelo Drive
Hamilton, Ohio 45013

Gregory M. Wetherall, Esq.
4030 Mount Carmel Tobasco Road, Suite 122
Cincinnati, Ohio 45255

Margaret A. Burks, Esq.
Chapter 13 Trustee
600 Vine Street, Suite 2200
Cincinnati, Ohio 45202

and the United States trustee.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

## Certificate of Service

    I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on  10/18/19  addressed to:

Nancy Ellen Brewer, Debtor (via Hand Delivery)
AAnytime Fitness
5276 College Corner Pike
Oxford, OH 45056

Associated Pathologists LLC
c/o Pathgrouop
PO Box 740858
Cincinnati, OH 45274

Barbara Chenault, LISW
10 N. Locust St,. Ste B3
Oxford, OH 45056

Caliber Home Loans, Inc.
715 S. Metropolitan
Oklahoma City, OK 73108

Carson A. Rothfuss, Esq.
Lerner Sampson & Rothfuss
PO Box 5480
Cincinnati, OH 45201-5480

Deutsche Bank Nat. Trust Co. as Trustee
for Bosco Credit II Trust Series 2010-1
1761 East St. Andrew Place
Santa Ana, CA 92705-4934

Franklin Credit Management
101 Hudson Street
25th Floor
Jersey City, NJ 07302

Franklin Credit Management Corporation
PO Box 2300
Jersey City, NJ 07303-2303

Ohio Department of Taxation
PO Box 530, Attn: Bankruptcy Division
TIN No. XXX-XX-8582
Columbus, OH 43266-0530

Suzanne M. Godenswager, Esq.
Andhu Law Group, LLC
1213 Prospect Avenue, Suite 300
Cleveland, OH 44115

The Huntington National Bank as Trustee
for Franklin Mortgage Asset Trust 2009-A
101 Hudson Street, 25th Floor
Jersey City, NJ 07302

The Huntington National Bank as Trustee
for Franklin Mortgage Asset Trust 2009-A
7 Easton Oval
Columbus, OH 43219

TriHealth Carepayment
PO Box 9197
Coral Springs, FL 33075-9197

TriHealth SBO
PO Box 630892
Cincinnati, OH 45263

U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust
2711 N. Haskell Avenue, Suite 1700
Dallas, TX 75204

Urgent Care of Fairfield, LLC
PO Box 643817
Cincinnati, OH 45264

US Bank Trust, N.A., Trustee
c/o Caliber Home Loans, Inc.
3701 Regent Blvd, Suite 200
Irving, TX 75063

US Department of Education
Direct Loan Servicing Center
PO Box 5609
Greenville, TX 75403-5609

and (iii) by method of service as required by Bankruptcy Rule 7004 (specify method)

Deutsche Bank Trust Company Americas
ATTN: Christian Sewing, CEO
60 Wall lStreet
New York, NY 10005

Franklin Credit Management Corporation
c/o Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

Ohio Department of Taxation
c/o Ohio Attorney General - Bankruptcy
150 East Gay Street, 21st Floor
Columbus, OH 43215

Ohio Department of Taxation
ATTN: Jeff McClain, Tax Commissioner
4485 Northland Ridge Blvd.
Columbus, OH 43229

The Huntington National Bank
ATTN: Stephen D. Steinour, CEO
17 South High Street
Columbus, OH 43216

/s/ Gregory M. Wetherall, Esq.
GREGORY M. WETHERALL
4030 Mount Carmel Tobasco Rd, Suite 122
Cincinnati, Ohio 45255
**Ph:** (513) 528-0200
**Fx:** (513) 528-1762
Greg@CincinnatiBankruptcy.com